IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LATINA FULLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HILLSTONE RESTAURANT GROUP, INC. d/b/a HOUSTON'S, and XYZ CORP. NOs. 1 - 9,<br><br>　　　　Defendants. | Civil Action File<br>No. _____ |

## NOTICE OF REMOVAL

COMES NOW Hillstone Restaurant Group, Inc. defendant in the above-styled civil action, and without waiving any rights or defenses files this notice of removal, respectfully providing the Court with the following facts as grounds for removal pursuant to 28 U.S.C. §§ 1441 and 1446:

1.

Plaintiff filed the original lawsuit on July 31, 2017 naming Hillstone Restaurant Group, Inc. d/b/a Houston's, and XYZ Corp., Case Number 17-EV-003613, before the State Court of Fulton County, State of Georgia.

2.

Plaintiff voluntarily dismissed the original action without prejudice on November 25, 2019.

3.

Plaintiff filed this renewal action on March 31, 2020 naming Hillstone Restaurant Group, Inc. d/b/a Houston's, and XYZ Corp., Case Number 20-EV-002050, before the State Court of Fulton County, State of Georgia.  Fulton County is within the Atlanta Division of this Court.

4.

Based on information and belief, plaintiff is a resident and citizen of Michigan. (See Compl. ¶ 1).

5.

Hillstone Restaurant Group, Inc. is a Delaware corporation with its principal place of business in the State of Arizona, making it a citizen of Arizona for diversity of citizenship purposes.  *See* 28 U.S.C. § 1332(c)(1).  There is diversity of citizenship between the plaintiff (Michigan) and the defendant (Arizona).

6.

Defendant submits that the amount in controversy is unspecified exclusive of interest and costs.  "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy[.]" 28 U.S.C. § 1446(c)(2). Plaintiff by letter, however, demanded $750,000 and claims medical bills of over

$46,479.41 (complaint paragraph 21), and unspecified amount of lost wages, so, the amount in controversy is more than $75,000 based on contentions of the plaintiff.  Settlement offers, demand letters, and even emails estimating damages have been held to qualify as "other relevant papers."  *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n. 62 (11th Cir. 2007).

7.

In plaintiff's complaint, plaintiff claimed $46,479.41 in medical bills to date and continuing as damage plus undisclosed general damages and future special and general damages.  *See Patterson Bank v. Gunter*, 263 Ga. App. 424 (2003)(affirming jury award in a slip-and-fall case of $621,129.68 in general damages when plaintiff's medical expenses totaled approximately $21,129.68); *see also Goldie Faye Cronic & William Ted Cronic v. Burger King Corp.,* Case No. 1:11-cv-4108-CAP, Dckt. 33 (September 18, 2012) (court utilized common sense to evaluate claim for $27,635.25 in specific damages and other unspecified damages and found amount in controversy exceeded $75,000).  For purposes of determining the amount in controversy, the court must assume that plaintiff will prevail on all of those claims. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994).

8.

The aforementioned civil action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and is one which may be removed to this Court by defendant pursuant to 28 U.S.C. §§ 1441 and 1446.  Specifically, this civil action is one in which the matter in controversy is unspecified so can be more than $75,000 exclusive of interests and costs and is between citizens of different states.

9.

Defendant has attached hereto copies of all pleadings and orders served upon it in this case as Exhibit "A."

10.

Defendant has given written notice of filing of this petition to the plaintiff as set forth in the certificate of service attached to this motion.

11.

Defendant has filed a written notice with the clerk of the State Court of Fulton County, a copy of which is attached as Exhibit "B."

12.

Defendant has attached hereto copies of all pleadings defendant has served in this case as Exhibit "C."

WHEREFORE, defendant prays that the case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

s/ Jonathan Gibson
_____
G. RANDALL MOODY
Georgia Bar No. 517702
JONATHAN GIBSON
Georgia Bar No. 586544

Suite 3500
303 Peachtree Street, N.E.
Atlanta, Georgia 30308
(404) 885-1400 – phone
(404) 876-0992 – fax

**CERTIFICATE OF FONT COMPLIANCE**

Counsel for Defendant hereby certifies that the forgoing has been prepared with one of the font and point selections approved by the Court: Courier New 12 Point.

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and foregoing NOTICE OF REMOVAL by efiling with the Court's CM/ECF system, which will automatically send email notification of such filing to attorneys of record.

```
                    Sheila Bilimoria
                    MORGAN & MORGAN
                    P.O. Box 57007
                    Atlanta, GA 30343
```

This 1st day of May, 2020.

```
                    Respectfully submitted,

                    DREW, ECKL & FARNHAM, LLP

                    s/ Jonathan Gibson
                    _____
                    G. RANDALL MOODY
                    Georgia Bar No. 517702
                    JONATHAN GIBSON
                    Georgia Bar No. 586544
```

303 Peachtree Street, N.E.
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400 – phone
(404) 876-0992 – fax
moodyr@deflaw.com
gibsonj@deflaw.com

9723445/1
06440-129020