IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LATINA FULLER,

     Plaintiff,

   v.

HILLSTONE RESTAURANT GROUP,
INC.
d/b/a HOUSTON'S, and XYZ Corp.
Nos. 1-9

     Defendant.

Civil Action File
No. 1:20-CV-1908-AT

## BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

COMES NOW Hillstone Restaurant Group, Inc., defendant in the above-styled civil action (hereinafter, "defendant"), and files this brief in support of its motion for summary judgment pursuant to Fed. R. Civ. P. 56 and Local Rule 56. In this case involving a claimed fall, defendant is entitled to summary judgment because defendant had no notice of a claimed substance on the floor. Defendant had reasonable inspection procedures in place and inspected the area of the claimed fall less than ten to fifteen minutes before the claimed fall and there was no foreign substance on the floor.

## FACTS

This case concerns an alleged fall on Sunday, October 4, 2015 at a Houston's restaurant on Peachtree Road. (Pltf Depo. 48:8-10; 56:18-19, Ex. 1). Before the day of the claimed incident, Plaintiff had been to the subject restaurant at least

ten times. (Pltf Depo. 54:15-25). On no other occasion did she have any problem. (Pltf Depo. 55:12-15). She was familiar with the bar area and generally ate at the bar area. (Pltf Depo. 55:3-11). On other visits before the subject incident she walked from the bar to the women's restroom using the same route she took the day of the subject incident, which included walking down the same steps that she took on the night of the subject incident. (Pltf Depo. 55:22-25, 56:1-4).

On the night of the incident, plaintiff arrived at the restaurant around 9 p.m. (Pltf Depo. 60:3-6). She went to the bar to place an order. (Pltf Depo. 58:3-12). Plaintiff's companions ordered alcoholic drinks but plaintiff claimed she did not drink any alcoholic drink even though a companion ordered a drink for her. (Pltf Depo. 58:14-24).

After the group ordered an appetizer, the plaintiff got up to use the restroom. (Pltf Depo. 58:10-59:24). She walked around the bar to take the route she had previously traversed on other occasions to walk to the restroom. (Pltf Depo. 60:19-25). The intended path included traversal of a three-step walkway from the bar to the dining room as pictures below show. (Pltf Depo. 60:19-25).






The lighting was sufficient for plaintiff to see where she was going; nothing about the lighting conditions in the

restaurant contributed to the plaintiff's fall. (Pltf Depo. 61:24-25, 62:1-4). Immediately before plaintiff's fall, plaintiff was not distracted by any person or thing. (Pltf Depo. 63:9-11). Plaintiff did not have any problems moving her head up and down or side to side. (Pltf Depo. 62:5-8). Plaintiff had no problem with her vision that prevented her from normally seeing. (Pltf Depo. 57:7-12). No employees of the defendant were present in the immediate area of the plaintiff's claimed fall at the time of the fall.

> 18   Q.  Was there any person who you believe to have
> 19   been an employee of the restaurant in the immediate
> 20   area of your fall immediately before your fall?
> 21   A.  No.

(Pltf Depo. 63:18-21).

Plaintiff claimed not to clearly remember her fall but stated that she fell at the bottom the three steps that led from the bar area to the dining room. (Pltf Depo. 64:11-14, 67:10-25). After the fall, plaintiff claimed the right side of her pants were wet and surmised that there was a substance on the floor. (Pltf Depo. 64:25, 65:1-5, 66:1-13). She does not know what the substance was. (Pltf Depo. 71:8-9). Plaintiff however did not see the claimed substance before her fall. (Pltf Depo., 71:18-19). If plaintiff had looked down immediately before her fall, she could have seen and avoided the claimed substance. (Pltf Depo. 71:20 to 72:5).

```
20    Q.   If you looked down at the floor or the steps
21  immediately before you fell, would you have seen
22  whatever this liquid was?
23    A.   Yes.
24    Q.   How do you know?
25    A.   I mean, I'm always looking, you know, where
```

```
 1  I'm going.
 2    Q.   So you believe if you'd looked down, you would
 3  have seen it?
 4    A.   Oh, yeah.  Absolutely.
```

(Pltf Depo. 71:20 to 72:5).

Plaintiff testified under her own lawyer's examination that she was looking "all around" before her fall:

```
 7         As you're approaching the steps, what were you
 8  looking at?
 9    A.   I was looking all around pretty much, I guess.
10  Grabbing the railing and...
11    Q.   Now, did you look at the ground as you were
12  approaching the steps?
13    A.   I mean, I -- I walk regularly and look down,
14  looking all around.
```

(Pltf Depo. 117:7-14).

Plaintiff however, did not see the alleged substance.

```
22    Q.   When you looked down, were you able to see the
23  substance on the floor which caused you to slip and
24  fall?
25    A.   I couldn't see clear -- I mean, if it was
```

```
 1  clear, I couldn't see it.
```

(Pltf Depo 117:22 to 118:1). Plaintiff therefore agreed that she did not know that anyone else would have been able to see the clamed substance because it was not visible.

> 13    Q.   If there was a substance that was clear and
> 14  you couldn't see it, you have no reason to believe
> 15  anybody else could see it either, do you?
> 16        MR. HILT:  I'm going to object to form.  Go
> 17    ahead.
> 18  BY MR. MOODY:
> 19    Q.   You can answer.
> 20    A.   Maybe not.  I don't know how to analyze that.

(Pltf Depo. 118:13-20).

Plaintiff had no idea how the alleged substance got on the floor or how long it had been on the floor. (Pltf Depo. 73:2-9). Nor did plaintiff have any knowledge that anyone in the restaurant knew of the substance on the floor before the plaintiff's fall.

> 25    Q.   Has anyone to this day told you there was a
>                                                    Page 67
> 1   substance on the floor?
> 2     A.   No.
> 3     Q.   Has anyone to this date told you they saw a
> 4   substance on the floor when you fell?
> 5     A.   No.  She told me to be careful.

(Pltf Depo. 66:25, 67:1-5). Moreover, plaintiff claimed the alleged substance was not discoverable through the exercise of reasonable care.

> 30.
>
> Please state each reason why you did not see and avoid any foreign substance, defective construction, or hazardous condition immediately before your claimed fall.
>
> **RESPONSE:**
>
> Ms. Fuller had no knowledge of the unsafe and dangerous condition in Houston's and it was not discoverable by her in the exercise of reasonable care. At all relevant times, Ms. Fuller exercised reasonable care for her own safety.

(Pltf Rog. Resp. 30, Ex. 2).

Defendant had no superior knowledge of any water, liquid, or substance on the restaurant floor before plaintiff's fall. Dep. Rivero, 63:6 to 65:7, Ex. 3; Aff. of Rivero ¶¶ 4-8, Ex. 4; Aff. of Knowles, ¶¶ 4-8, Ex. 5). Defendant's employees visually inspected the restaurant floors and stairs throughout their shifts. (Dep. Rivero, 63:6 to 65:7, Ex. 3; Aff. of Rivero ¶¶ 4-8, Ex. 4; Aff. of Knowles, ¶¶ 4-8, Ex. 5). Employees of defendant walked through the restaurant and looked to see that the floors and stairs were clean and free of any spills and/or debris. (Dep. Rivero, 63:15 to 64:1; 64:18 to 65:7. *See also* Aff. of Rivero, ¶ 4, Aff. of Knowles, ¶ 4).

```
15      Q.   Was that your practice to look as you were
16 walking through the restaurant?
17      A.   Absolutely.
18      Q.   Did you, in your capacity as a manager
19 during your shift, walk through the restaurant on a
20 continuous basis doing your duties?
21      A.   Yes.
22      Q.   And would you look at the floors and the
23 walk areas to see if there was anything on the floor?
24           MR. HILT:  Objection, leading.
25      Q.   You can answer.

1       A.   Yes.
```

(Dep. Rivero, 63:15 to 64:1).

```
18      Q.  Describe what training they received in
19   looking at the floors for any kind of a problem on the
20   floor.
21      A.  They were taught that if they saw anything
22   on the floor to address it at the moment.  And we're
23   talking about things as far as straw wrappers, just
24   being very vigilant about the cleanliness of the
25   building.
```

```
1      Q.  Were servers and employees of the restaurant
2   expected to do that constantly as they walked through
3   the restaurant, to look at the floors?
4      A.  Yes.
5      Q.  And the servers would be walking through on
6   a constant basis during their shift, correct?
7      A.  Yes.
```

(Dep. Rivero, 64:18 to 65:7. *See also* Aff. of Rivero, ¶ 4, Aff. of Knowles, ¶ 4).

On the date of plaintiff's incident, then manager Rivero and then hostess Knowles looked at all floors and stairs and there were no spills, liquids, or debris. (Aff. of Rivero, ¶¶ 4,5; Aff. of Knowles, ¶¶ 4,5). On the date of plaintiff's incident, no customers or guests of the restaurant complained to then manager or then hostess of any of the floors or stairs being slippery. (Aff. of Rivero, ¶ 4; Aff. of Knowles, ¶ 4).

Approximately twenty minutes before the plaintiff fell, then manager looked at the bar area floors and stairs including the area where the plaintiff fell and there was no water, liquid, or hazard on the floor or stairs at that time. (Aff. of Rivero, ¶ 5).

5.

Approximately twenty minutes before the plaintiff fell, I looked at the bar area

floor and stairs including the area where plaintiff fell and there was no water, liquid, or hazard on

the floor or stairs at that time.  I know this because after I received notice of the guest claiming a

fall, I recalled that it was just a few minutes earlier that I checked the steps.

(Aff. of Rivero, ¶ 5).

Approximately ten to fifteen minutes before the plaintiff fell, then hostess looked at the bar area floors and stairs including the area where the plaintiff fell and there was no water, liquid, or hazard on the floor or stairs at that time. (Aff. of Knowles, ¶ 5).

5.

Approximately 10 to 15 minutes before the plaintiff fell, I looked at the bar area

floor and stairs including the area where plaintiff fell and there was no water, liquid, or hazard on

the floor or stairs at that time.  I know this because after I saw a guest (now known to be the

plaintiff) sitting on the floor near the bar area stairs, I recalled that it was just a few minutes

earlier that I checked the steps.

(Aff. of Knowles, ¶ 5). Immediately after the plaintiff fell, then manager and then hostess both saw the plaintiff sitting on the floor near the bar area stairs, and then manager and then hostess looked at the floor and there was no water, liquid, or hazard that needed to be cleaned. (Dep. Rivero, 64:5-14; Aff. of Knowles, ¶ 6).

5      Q.   Now, you talked about after the report to
6   you of the fall, you went out to where the plaintiff
7   was on the floor.  Do you recall that?
8      A.   Yes.  It was right next to where she was
9   sitting down.
10     Q.   Did you look at the floor then?
11     A.   Yes.
12     Q.   Was there anything on the floor in the area
13  where the plaintiff fell then?
14     A.   No.

(Dep. Rivero, 64:5-14; Aff. of Knowles, ¶ 6). The then manager and hostess walked up and down the bar area stairs without any problem. (Aff. of Rivero, ¶ 7; Aff. of Knowles, ¶ 6). Within minutes after the claimed fall, then manager and hostess saw the plaintiff sitting on the floor, and then manager and hostess saw multiple other guests and employees walk through the area and up and down the stairs where plaintiff fell without incident. (Aff. of Rivero, ¶ 8; Aff. of Knowles, ¶ 8).

While the defendant is sympathetic to the plaintiff's fall, a business owner is not an insurer of safety of persons on the premises. The evidence establishes that defendant was faultless, had in place and followed reasonable inspection procedures on the night of the incident, and had no knowledge of an alleged substance on the floor. The evidence shows that that there was nothing on the floor that caused or contributed to plaintiff's claimed fall.

## ARGUMENT AND CITATION TO AUTHORITY

The mere fact that an accident happened and that a plaintiff claims injury affords no basis for recovery against a defendant unless the plaintiff carries the burden of proof showing that such accident, and any resulting damages, were caused by specific acts of negligence on the part of that defendant. *See McQuaig v. Tarrent*, 269 Ga. App. 236, 237 (2004); *Cromer v. Hodges*, 216 Ga. App. 548, 549 (1995); *Wilkerson v.*

*Alexander*, 208 Ga. App. 83, 85 (1993); *see also Davis v. Blockbuster, Inc.*, 258 Ga. App. 677 (2002); *Shortnacy v. North Atlanta Internal Medicine*, 252 Ga. App. 321, 325 (2001). "In everyday life, persons are required to negotiate floors, steps, and doorways." *See Ponder v. Brooks*, 256 Ga. App. 596, 598 (2002); *see also Yasinac v. Colonial Prop.*, 246 Ga. App. 484, 485 (2000); *see also Wright v. JDN Structured Fin.*, 239 Ga. App. 685 (1999).

"Negligence is not to be presumed, but is a matter for affirmative proof." *Cagle v. Ameagle Contractors*, 209 Ga. App. 712 (1993). "To recover damages in a tort action, a plaintiff must prove that the defendant's negligence was both the 'cause in fact' and the 'proximate cause' of [the] injury." *Atlanta Obstetrics &c. Group v. Coleman*, 260 Ga. 569, 570 (1990); *Talley v. City Tank Corp.*, 158 Ga. App. 130, 134 (1981). "With respect to factual causation (often referred to as the causal 'link' or 'connection' between an act or omission and an event), we have held that '[t]he defendant's conduct is not a cause of the event, if the event would have occurred without it.' Prosser, Law of Torts (4th ed.1971), 239." *Gen. Motors Corp. v. Davis*, 141 Ga. App. 495, 496 (1977).

## I.   SUMMARY JUDGMENT STANDARD.

When a party's pleadings, affidavits, other materials admissible in evidence establish that there is no genuine

dispute of material facts and that the movant is entitled to judgement as a matter of law, summary judgement should be granted. Fed R. Civ. P. 56(c). There is a "genuine" dispute as to a material fact if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)) The moving party bears the burden of showing the absence of a genuine issue of material fact while viewing the evidence in the light most favorable to the nonmovant. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

After a motion for summary judgment has been properly supported, the nonmovant must present affirmative evidence "from which a jury might return a verdict in his favor" and that demonstrates the presence of "a genuine issue of fact that requires a trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (quoting Anderson, 477 U.S. 24).

## II. DISCOVERY MATERIALS FROM STATE COURT CASE ARE ADMISSIBLE IN EVIDENCE.

The plaintiff originally filed a claim against Hillstone in the State Court for Fulton County on or about July 31, 2017, and captioned as *Latina Fuller v. Hillstone Restaurant Group, Inc., d/b/a Houston's, and XYZ Corp. Nos. 1-9,* Civil Action File No.: 17EV003613 (hereinafter, "state court action"). Defendant filed a motion for summary judgment on October 31, 2019. Rather than respond to the motion, the plaintiff dismissed her case on November 25, 2019.  The plaintiff filed a renewed complaint in State Court of Fulton County on March 31, 2020, which the defendant removed to federal court.  O.C.G.A. § 9-2-61; 28 U.S.C. §§ 1332, 1441, 1446.

**a. Depositions from the state court case may be used to the same extent as if taken in this action.**

The discovery materials from the state court case, including the deposition of the plaintiff and of defendant's employee are admissible evidence that the court should consider. Fed. R. Civ P. 56(c); Fed. R. Civ. P. 32(a)(8).  A deposition from an earlier-filed action may be used to the same extent as if taken in the later action if it involves the same subject matter between the same parties or as allowed by the Federal Rules of Evidence. Fed. R. Civ. P. 32(a)(8).  "These requirements have been construed liberally in light of the twin goals of fairness and efficiency." *Walker v. Blitz USA, Inc.,* 2009 WL 10669635 at * 3 (N.D. Ga. Feb. 24, 2009) quoting (*Hub v.*

*Sun Valley Co.,* 682 F.2d 776, 778 (9th Cir. 1982)). Courts have interpreted the test of "same subject matter" to mean a "substantial identity of issues." *Id; Hub*, 682 F.2d at 778; *In re Paramount Payphones, Inc.*, 256 B.R. 341, 343 (Bankr. M.D. Fla. 2000).

      **b.    Statements of the plaintiff are not hearsay and are admissible.**

    Statements of the plaintiff offered against the plaintiff are not hearsay and are admissible against the plaintiff. Fed. R. Evid. 801(d)(2). *U.S. for Use and Benefit of Carter Equipment Co., Inc. v. H.R. Morgan, Inc.,* 544 F.2d 1271, 1273 (5th Cir. 1977) "[S]tatements made out of court by a party-opponent are universally deemed admissible when offered against him.") (internal citations omitted).

    In this case, in defendant supported the instant motion with deposition testimony of the plaintiff and of defendant's employee from the state court action. The parties and issues in this litigation are identical to those in the state court action. Accordingly, the deposition testimony of the plaintiff and of defendant's employee may be used to support this motion for summary judgment. Further, a statement of the plaintiff, offered against the plaintiff is admissible. Fed. R. Evid. 801(d)(2).

**III. DEFENDANT DID NOT BREACH ANY DUTY TO THE PLAINTIFF.**

A premises owner is not an insurer of an invitee's safety. *Delk v. Quiktrip Corp.,* 258 Ga. App. 140 (2002); *Hillcrest Foods, Inc. v. Kiritsy*, 227 Ga. App. 554 (1997); *Farmer v. Wheeler/Kolb Mgmt. Co.*, 224 Ga. App. 834 (1997); *Barksdale v. Nuwar*, 203 Ga. App. 184 (1992). "The mere ownership of land or buildings does not render one liable for the injuries sustained by the persons who have entered thereon or therein." *See Hudson v. J.H. Harvey Co.*, 244 Ga. App. 479 (2000); *see also Hadaway v. Cooner Enter., Inc.*, 172 Ga. App. 113 (1984).

The evidence shows that defendant did not have superior knowledge of the hazard that caused the claimed fall. *See Norman v. Jones Lang LaSalle Americas, Inc.*, 277 Ga. App. 621, 623 (2006). Plaintiff must prove that (1) defendant had actual or constructive knowledge of the hazard and (2) plaintiff lacked knowledge of the hazard despite her exercise of ordinary care and that this lack of knowledge was due to conditions within the restaurant's control. *Id.* at 623-24. Hence, where there is no hazard upon the premises, where the defendant has no knowledge of the hazard, or where the plaintiff has equal knowledge the alleged hazard, the plaintiff's claim fails as a matter of law. *Owens v. DeKalb Med. Ctr., Inc.* 253 Ga. App. 19, 21 (2001).

Here, plaintiff's testimony shows that defendant did not have actual or constructive knowledge of any foreign substance. Plaintiff has no idea how long the alleged liquid substance was

on the floor before she fell or how the liquid substance came to be on the floor. (Pltf Depo. 73:2-9). Plaintiff has no information or knowledge that anyone from the restaurant knew that the alleged liquid substance was on the floor before plaintiff's claimed fall. (Pltf Depo. 66:25, 67:1-5). Plaintiff claimed the alleged substance could not have been discovered through reasonable care. (Pltf Rog. Resp. 30). Defendant had in place and followed reasonable inspection procedures and had no notice of a claimed substance on the floor. (Dep. Rivero, 63:15 to 64:1; 64:18 to 65:7; Aff. of Rivero ¶¶ 4-8; Aff. of Knowles, ¶¶ 4-8). Accordingly, defendant is entitled to judgment as a matter of law.

**IV.  DEFENDANT LACKED KNOWLEDGE OF ANY HAZARD OR FOREIGN SUBSTANCE ON THE RESTAURANT FLOOR.**

Before an owner can be held liable for a slippery condition produced by the presence of a foreign substance, it is necessary that admissible evidence should show that owner was aware of the substance or would have known of its presence had owner exercised reasonable care. *Alterman Foods, Inc. v. Ligon*, 246 Ga. 620, 622 (1980)(citing *Conaway v. McCrory Stores*, 82 Ga. App. 97, 101 (1950)); *Boatright v. Rich's, Inc.*, 121 Ga. App. 121 (1970))(internal quotations omitted). Thus, only "when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted."

*Id.* (quoting *Sears, Roebuck & Co. v. Reid*, 132 Ga. App. 136, 138 (1974)).

A proprietor is permitted a reasonable time to exercise care in inspecting the premises and maintaining them in a safe condition. *Winn-Dixie Stores v. Hardy*, 138 Ga. App. 342 (1976). However, the proprietor is under no duty to continuously patrol the premises in absence of facts showing that the premises are unusually dangerous. *Alterman*, 246 Ga. at 622. In this case, the undisputed evidence shows that the alleged liquid substance, assuming a substance was on the floor, was not on the floor sufficient time for defendant to discover such condition and defendant's inspections were reasonable as a matter of law.

**A. Defendant is not liable for a claimed substance that its employees could not detect.**

Plaintiff at one point contended that she slipped on a liquid substance that she could not have seen from a standing position because it was clear. (Pltf Depo. 117:22-25, 118:1).

> 22    Q.   When you looked down, were you able to see the
> 23    substance on the floor which caused you to slip and
> 24    fall?
> 25    A.   I couldn't see clear -- I mean, if it was
>
> 1    clear, I couldn't see it.

(Pltf Depo. 117:22-25, 118:1). If plaintiff could not have seen the substance it could not have been detected through the exercise of reasonable care, then defendant could not have seen

it such that the alleged substance could have been removed. (Pltf Rog. Resp. 30).

A defendant business is not liable to its invitees for conditions that are difficult to detect. *Hardee's Food Sys., Inc. v. Green*, 232 Ga. App. 864 (1998). In *Hardee's* the Georgia Court of Appeals addressed the plaintiff's burden in establishing constructive knowledge in cases of allegedly invisible substances and affirmed the grant of summary judgment to the defendant restaurant because plaintiff failed to show that the restaurant had constructive knowledge of any foreign substance. *Id.* at 865. The court explained, "[T]he employee must have been in a position to have easily seen the substance and removed it." *Id.* at 867. The plaintiff testified in that case that the grease on which she allegedly slipped was invisible and thus would not be discovered through a reasonable visual inspection of the area. *Id.* The court held that these facts required summary judgment to the defendant restaurant. Inasmuch as the purported hazard was not readily visible to plaintiff, she did not establish that defendant's employee could have easily seen and removed it. *Id.* Thus, "[S]howing that an employee was merely working in the area of a foreign substance is not enough. The employee must have been in a position to have easily seen and removed the substance." *Lovins v. Kroger Co.*,

236 Ga. App. 585, 586 (1999) (citing *Hardee's,* 232 Ga. App. at 866).

Similarly, in *Haskins v. Piggly Wiggly Southern*, 230 Ga. App. 350, 351-52 (1998), the court of appeals affirmed summary judgment to defendant grocery store in a case where plaintiff claimed that she slipped on water in the defendant's store. The plaintiff testified that had she looked down at the floor when she slipped she would not have been able to see the water and that the water could not be seen from a standing position. *Id.* at 351. The plaintiff also testified that she could not say how long the water had been on the floor. Summary judgment was proper to defendant because the plaintiff's testimony demonstrated that any claimed water had not been on floor for sufficient time to allow knowledge to be imputed to defendant, or that defendant could easily have seen it and removed it. Numerous other Georgia cases applied the well-established principle that a defendant is not liable for conditions that could not be detected. *See also Brown v. Host/Taco Joint Venture*, 305 Ga. App. 248 (2010) (affirming summary judgment to restaurant in case where plaintiff testified that grease spot on which he fell was not easily visible and plaintiff could not say how long the spot had been on the floor); *Mucyo v. Publix Super Markets, Inc.*, 301 Ga. App. 599, 601 (2009) (affirming summary judgment to grocery store in case where plaintiff claimed that

she slipped on water that was not visible from a standing position because plaintiff failed to show that employee could have seen the substance and removed it before the plaintiff's fall); *Bolton v. Wal Mart Stores, Inc.*, 257 Ga. App. 198, 198 (2002) (affirming summary judgment to store on claim by plaintiff that she slipped in clear substance at store when plaintiff testified, "[b]etween the lights and the color of that floor and where it was at, I would have never seen it in a million years."); *Chastain v. CF Georgia N. Dekalb L.P.*, 256 Ga. App. 802, 803 (2002) (affirming summary judgment to mall owner and cleaning service in case where plaintiff testified that the water on which she slipped was not visible by plaintiff or anyone else from a standing position); *Brown v. Publix Supermarkets, Inc.,* 2015 WL 11022704 at *3 (N.D. Ga. Jan. 7, 2015) (granting summary judgment where defendant had no constructive knowledge of claimed hazard).

As in the cases cited above, the plaintiff in the case at bar contended that she slipped on a liquid substance that she could not see from a standing position because it was clear. Defendant's employees cannot be expected to see or remove a substance that could not have been seen by the employees. Accordingly, defendant cannot be found to have knowledge of any hazard or foreign substance and is not liable to the plaintiff.

**B. Defendant had no actual knowledge of any foreign substance.**

In this case, defendant did not have actual knowledge of any alleged foreign substance. The former employees who patrolled the restaurant stated there was no water, liquid, or hazard on the floor or stairs when they looked minutes before plaintiff's claimed fall. (Dep. Rivero, 63:6 to 64:4; Aff. of Rivero, ¶¶ 4,5; Aff. of Knowles, ¶¶ 4,5). Further, immediately after the plaintiff fell, then employees looked at the floor and stairs and there was no water, liquid, or hazard that needed to be cleaned. (Dep. Rivero, 64:5-14; Aff. of Knowles, ¶ 6). Since the evidence shows the absence of a claimed foreign substance at the time of plaintiff's fall defendant did not have actual knowledge of any foreign substance.

**C. The evidence shows the alleged substance, assuming there was such, was not on the floor for a sufficient amount of time that defendant had constructive knowledge of the substance.**

In cases that involve a foreign substance on a floor, a defendant is entitled to summary judgment when the substance is on the floor less than fifteen to twenty minutes unless it has actual notice of the alleged hazard. *Wallace v. Wal-Mart Stores, Inc.*, 272 Ga. App. 343, 345 (2005) (inspection conducted fifteen to twenty minutes before fall adequate as a matter of law); *Quarles v. Georgia Service Systems, LLC*, 263 Ga. App. 563, 565 (2003) (finding that inspection of mat outside of restaurant one

hour and fifteen minutes prior to plaintiff's fall was reasonable as a matter of law); *Super Discount Markets v. Clark*, 213 Ga. App. 132, 133-34 (1994) (inspection occurred fifteen to twenty minutes prior to incident reasonable as a matter of law); *Smith v. Winn-Dixie Atlanta, Inc.,* 203 Ga. App. 565 (1992); *Mazur v. Food Giant, Inc.,* 183 Ga. App. 453 (1987).

These decisions are based on the courts' acknowledgment that a proprietor cannot be expected to continuously monitor or patrol a store in search of hazards. *See, e.g.*, *Rush v. Food Giant, Inc.,* 183 Ga. App. 388 (1987) ("[T]he proprietor is under no duty to continuously patrol the premises … ."). Where there is evidence "showing that a reasonable inspection procedure is in place and had been followed, normally no actionable constructive knowledge can be attributed to the proprietor." *Ingles Markets, Inc. v. Rhodes*, 340 Ga. App. 769, 771 (2017) (inspections of a grocery store where spills are common within 15 minutes are reasonable as a matter of law); *Roberts v. Wal-Mart Stores, Inc.*, 287 Ga. App. 316, 318 (2007) (grant of summary judgment affirmed when store inspected aisle thirty and fifteen minutes before hazard allegedly caused injury); *Bolton v. Wal-Mart Stores, Inc.*, 257 Ga. App. 198, 200 (2002) (plaintiff failed to establish constructive knowledge where employee stated in affidavit that he was in area ten to fifteen minutes before accident and did not see spill); *Muhammad v. Wal-*

*Mart Stores E., L.P.*, No. 1:13-CV-2124-CAP, 2014 WL 11822790, at *2 (N.D. Ga. Nov. 21, 2014) (inspection within 15 minutes reasonable as a matter of law).

Here, plaintiff testified she had no idea how long the substance was on the floor before she fell or how the substance came to be on the floor. (Pltf Depo. 73:2-9). Further, the evidence shows that the restaurant had inspection procedures in place at the time of plaintiff's claimed fall. Restaurant employees inspected all floors and stairs by looking at the floors and stairs to make sure that all floors and stairs were clean and free of any spills and/or debris while the employees went about their other work duties. (Dep. Rivero, 63:6 to 64:1; Aff. of Rivero, ¶ 4; Aff. of Knowles, ¶ 4). Further, restaurant employees walked in the area of plaintiff's claimed fall approximately ten to fifteen minutes before plaintiff's fall and there was nothing on the floor. (Aff. of Rivero, ¶¶ 4, 5; Aff. of Knowles, ¶¶ 4,5). Immediately after plaintiff's claimed fall while plaintiff still sat on the floor, the employees looked at the floor and stairs and there was no substance that needed to be cleaned. (Dep. Rivero, 64:5-14; Aff. of Knowles, ¶ 6).

In this case, the evidence shows that this defendant did not have any superior knowledge of any claimed substance on the restaurant floor in the path of the plaintiff at the time of the alleged incident. Instead, the evidence shows that defendant

conducted reasonable inspections as a matter of law and those
inspections did not and could not have revealed the alleged
substance that was not visible. Accordingly, defendant did not
have actual or constructive knowledge of the alleged liquid
substance which plaintiff claimed caused her fall so defendant
is entitled to judgment as a matter of law.

## CONCLUSION

Defendant respectfully requests summary judgment as
defendant did not breach a duty to the plaintiff and did not
proximately cause any injury or damage to the plaintiff.
Defendant is entitled to judgment as a matter of law because the
evidence shows that defendant did not have knowledge of the
alleged liquid substance plaintiff claims was involved in her
slip. The evidence shows that defendant engaged in reasonable
inspections as a matter of law; that the area of the claimed
fall was inspected; and there was foreign substance on the floor
in the area where the plaintiff fell. Accordingly, because the
evidence shows that defendant did not have superior knowledge of
any foreign substance, summary judgment is proper.

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/s/ Patrick J. Ewing
_____
G. RANDALL MOODY
Georgia Bar No. 517702
PATRICK J. EWING
Georgia Bar No. 669491

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that I have this day served a copy of the within and foregoing BRIEF IN SUPPORT OF SUMMARY JUDGMENT upon all parties concerned via the court's e-filing system which will automatically send email notification of such filing to the attorneys or parties of record:

> Brandyn L. Randall, Esq.
> Morgan & Morgan Atlanta, Pllc
> Post Office Box 57007
> Atlanta, GA 30343

This 12th day of August 2020.

> Respectfully submitted,
>
> DREW, ECKL & FARNHAM, LLP
>
>
> /s/ Patrick J. Ewing
> _____
> G. RANDALL MOODY
> Georgia Bar No. 517702
> PATRICK J. EWING
> Georgia Bar No. 669491

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400 – phone
(404) 876-0992 – fax
moodyr@deflaw.com
ewingp@deflaw.com

9873230/1
06440-129020