IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| LATINA FULLER, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 1:20-cv-1908-AT |
| HILLSTONE RESTAURANT GROUP, INC. d/b/a HOUSTON'S, and XYZ CORP. NOS. 1-9, | : | |
| Defendant. | : | |

## ORDER

This slip and fall case is before the Court on Defendant Hillstone Restaurant Group, Inc. d/b/a Houston's ("Houston's" or "Defendant") Motion for Summary Judgment ("Motion") [Doc. 22]. Plaintiff Latina Fuller alleges that she slipped on liquid on the stairs at Houston's on October 4, 2015, resulting in serious injuries including a broken ankle. She argues that knowledge of the hazard can be imputed to Defendant because Defendant has not shown that a reasonable inspection policy existed or was followed at the time of her injury. Houston's argues that it has presented evidence that a reasonable inspection was conducted, as its employees inspected the area ten to fifteen minutes before Plaintiff's fall. For the following reasons, Defendant's Motion for Summary Judgment is **GRANTED** [Doc. 22].

**I.      Legal Standard for Summary Judgment**

The Court may grant summary judgment only if the record shows "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is material if resolving the factual issue might change the suit's outcome under the governing law. *Id.* The motion should be granted only if no rational fact finder could return a verdict in favor of the non-moving party. *Id.* at 249.

When ruling on the motion, the Court must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in the non-moving party's favor. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The moving party need not positively disprove the opponent's case; rather, the moving party must establish the lack of evidentiary support for the non-moving party's position. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets this initial burden, in order to survive summary judgment, the non-moving party must then present competent evidence beyond the pleadings to show that there is a genuine issue for trial. *Id.* at 324-26. The essential question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

Finally, "[s]peculation does not create a *genuine* issue of fact; instead it creates a false issue, the demolition of which is a primary goal of summary judgment." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) (quoting *Hedberg v. Ind. Bell Tel. Co.*, 47 F.3d 928, 931–32 (7th Cir. 1995) (emphasis in original)).

## II.   Factual Background[1]

On October 4, 2015, Ms. Fuller was a customer at Houston's restaurant located at 2166 Peachtree Road NW in Atlanta, Georgia. (Defendant's Statement of Material Facts ("DSMF"), Doc. 22-2 ¶ 1; Plaintiff's Statement of Material Facts ("PSMF"), Doc. 27 at 3.) On the evening of the incident, Ms. Fuller arrived at the restaurant around 9:00 p.m. (DSMF ¶ 6.) She went to the bar to place an order. (*Id.* ¶ 7.) Plaintiff was with friends at the bar; after the group ordered an appetizer, Ms. Fuller got up to use the restroom. (*Id.* ¶ 9.) Ms. Fuller walked around the bar to take a route she had traversed on prior occasions at the restaurant. (*Id.* ¶ 10.) In order to get to the restroom, Ms. Fuller had to walk down a three-step walkway from the bar to the dining room. (*Id.* ¶ 11.)

---

[1] Keeping in mind that when deciding a motion for summary judgment, the Court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion, the Court provides the following statement of facts. *See Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1241 (11th Cir. 2007) (observing that, in connection with summary judgment, the court must review all facts and inferences in the light most favorable to the non-moving party). This statement does not represent actual findings of fact. *In re Celotext Corp.*, 487 F.3d 1320, 1328 (11th Cir. 2007). Instead, the Court has provided the statement simply to place the Court's legal analysis in the context of this particular case or controversy.



(Deposition of Latisha Fuller ("Fuller Dep."), Doc. 23-1, p. 114:4-11, Exhibit No. 3.) As she stepped on the steps, Ms. Fuller fell. (*Id*. p. 64:11-14.) Once on the ground, Ms. Fuller realized that the right side of her pants was wet. (*Id*. p. 65:5,18-19.) She did not visually look to see if there was any substance on the floor (*id*. 66:21-24)

but believes that the reason she fell was that there was liquid on the floor (*id.* p. 71:5-7.). She does not know what the liquid was and never saw it. (*Id.* p. 71:8-19.) At the time of Ms. Fuller's fall, she did not remember any restaurant employees in the immediate area of the fall. (*Id.* p. 63: 18-21.) Defendant has presented affidavits from two employees working on the evening in question. Jon Rivero, the manager on duty on October 4, 2015, averred that, as a part of his duties, he inspected all floors and stairs for spills or debris many times during his shift. (Affidavit of Jon Rivero ("Rivero Aff."), Doc. 22-6 ¶ 4.) He further states that "twenty minutes before the plaintiff fell, I looked at the bar area floor and stairs including the area where plaintiff fell and there was no water, liquid, or hazard on the floor or stairs at that time." (*Id.* ¶ 5.) Mr. Rivero also claims that after Ms. Fuller fell, he inspected the floor and stairs and there was no water, liquid, or hazard that needed to be cleaned. (*Id.* ¶ 7.) Defendant also provides the affidavit of Kelly Knowles, the hostess on October 4, 2015, who attests that she looked at the bar area and floor where Ms. Fuller fell approximately ten to fifteen minutes before she fell. (Affidavit of Kelly Knowles ("Knowles Aff."), Doc. 22-7 ¶ 5.) Ms. Knowles also claims that she inspected the area after Plaintiff's fall and found no water, liquid, or hazard. (*Id.* ¶ 6.) Ms. Knowles also states that, although she did not speak to Ms. Fuller, Plaintiff appeared to be intoxicated. (*Id.* ¶ 7.) Plaintiff remained on the floor until the ambulance arrived. (Fuller Dep. p. 66:18-20.)

5

**III.   Discussion**

    **A.      Premises Liability**

In order to prevail in a slip and fall case, a plaintiff must show that (1) the defendant had actual or constructive knowledge of the hazard that caused plaintiff's fall; and (2) that plaintiff exercised ordinary care at the time of the fall and was without knowledge of the hazard due to actions or conditions within the control of the owner or occupier.  *Robinson v. Kroger Co.*, 493 S.E.2d 403, 414 (Ga. 1997).  At the summary judgment stage, a plaintiff must "come forward with evidence that . . . would enable a rational trier of fact to find that the defendant had actual or constructive knowledge of the hazard."  *Am. Multi-Cinema, Inc. v. Brown*, 285 Ga. 442, 444, 679 S.E.2d 25, 28 (2009).

Defendant first argues that there is no evidence to support that it had actual or constructive knowledge of any liquid substance that was allegedly on the stairs. (Motion, Doc. 22-1 at 16.) Plaintiff concedes that Defendant did not have actual knowledge of any hazard but argues that there is a question of fact as to Defendant's constructive knowledge. (Pl. Resp., Doc. 27 at 7-8.)

    **i.      Constructive Knowledge**

"There are two established ways to prove constructive knowledge in a slip and fall case: (1) show that an employee of the defendant was in the immediate area of the hazard and could have easily seen it, or (2) show that the foreign substance remained long enough that ordinary diligence by the defendant should

6

have discovered it." *Mock v. Kroger Co.*, 598 S.E.2d 789, 789-790 (Ga. Ct. App. 2004). In addition, constructive knowledge may be inferred, as follows:

> Constructive knowledge may be inferred when there is evidence that the owner lacked a reasonable inspection procedure. In order to prevail at summary judgment based on a lack of constructive knowledge, the owner must demonstrate not only that it had a reasonable inspection program in place, but that such program was actually carried out at the time of the incident. In addition, to withstand a motion for summary judgment, the plaintiff need not show how long the hazard had been present unless the owner has demonstrated its inspection procedures.

*Johnson v. All American Quality Foods, Inc.*, 798 S.E.2d 274, 276 (Ga. Ct. App. 2017).

Here, Ms. Fuller does not contend that there were employees in the vicinity or that she has evidence that the liquid was on the floor for any extended period of time.[2] Rather, she argues that constructive knowledge can be inferred because "the record is void of any evidence that a reasonable inspection policy existed on the date of the incident and by default there can be no evidence that unambiguously confirms the policy was followed." (Pl. Resp. at 9.) In reply, Defendant contends that the uncontroverted evidence shows that it had reasonable inspection procedures in place at the restaurant and that such inspections occurred on the date of Ms. Fuller's injury. (Def. Reply., Doc. 29 at 4.)

---

[2] When asked whether there was any person she believed to have been a Houston's employee in the immediate area of her fall, Ms. Fuller stated, "no." (Fuller Dep. p. 63:18-21.) When asked whether she knew how the liquid got onto the floor or how long it had been on the floor, Plaintiff deposed that she did not know. (*Id*. p. 73:2-9.)

Georgia courts have emphasized that what constitutes a reasonable inspection procedure is context-dependent:

> The length of time the substance must remain on the floor before the owner should have discovered it and what constitutes a reasonable inspection procedure vary with each case, depending on the nature of the business, the size of the store, the number of customers, the nature of the dangerous condition, and the store's location.

*Shepard v. Winn Dixie Stores, Inc.*, 527 S.E.2d 36, 39 (Ga. Ct. App. 1999). Generally, however, courts have determined that an inspection that occurred less than 20 minutes before a fall is reasonable as a matter of law. *See e.g. Wallace v. Wal-Mart Stores, Inc.*, 612 S.E.2d 528, 531 (Ga. Ct. App. 2005) (affirming grant of summary judgment based on evidence that inspection was conducted fifteen to twenty minutes before fall); *Deloach v. Food Lion, Inc.*, 491 S.E.2d 845, 847 (Ga. Ct. App. 1997) (explaining that Food Lion established that it used reasonable care in inspecting the premises where employee's affidavit stated that employee inspected the floor within ten minutes of plaintiff's fall); *Bolton v. Wal Mart Stores, Inc.*, 570 S.E.2d 643, 645 (Ga. Ct. App. 2002) (affirming grant of summary judgment where defendant's evidence showed that employee was in exact area ten to fifteen minutes before fall and floor was clear of any substance).

As noted above, Houston's proffers the affidavits of two employees – a manager and a hostess — working on the evening Plaintiff fell. These affidavits are based on personal knowledge. Both assert that the respective employees themselves viewed the area of Ms. Fuller's fall prior to her falling and found no liquid or debris. Mr. Rivero testifies that "twenty minutes before the plaintiff fell, I

8

looked at the bar area floor and stairs including the area where plaintiff fell and there was no water, liquid, or hazard on the floor or stairs at that time." (Rivero Aff. ¶ 5.) Likewise, Ms. Knowles avers that "Approximately 10 to 15 minutes before the plaintiff fell, I looked at the bar area floor and stairs including the area where the plaintiff fell and there was no water, liquid, or hazard on the floor or stairs at that time." (Knowles Aff. ¶ 5.) No customers complained to either Mr. Rivero or Ms. Knowles that there was any liquid or hazard that needed tending to. (Rivero Aff. ¶ 4; Knowles Aff. ¶ 4.) Mr. Rivero's deposition testimony comports with his affidavit testimony, and additionally explains that he himself assisted with training restaurant employees to monitor the floors for any hazards. Mr. Rivero explained that restaurant employees "were taught that if they saw anything on the floor to address it at the moment. And we're talking about things as far as straw wrappers, just being very vigilant about the cleanliness of the building." (Deposition of Jon Rivero ("Rivero Dep.") p. 64:18-25.) Further, Mr. Rivero deposed that employees were required to inspect the floors constantly as they walked through the restaurant during their shifts. (*Id.* p. 65:1-7.)

Despite the firsthand testimony of Mr. Rivero and Ms. Knowles, Plaintiff argues that Houston's has not shown a reasonable inspection procedure because it has not proffered contemporaneous documentation of any inspections. (Pl. Resp. at 4, 8.) But Plaintiff provides no authority to support that a defendant must provide contemporaneous documentation of an inspection to prevail at summary judgment. Indeed, the applicable legal authority shows that a defendant can show

9

that it conducted a reasonable inspection based only on testimony of the employee who conducted the inspection. *See Mucyo v. Publix Super Markets, Inc.*, 688 S.E.2d 372, 375 (Ga. Ct. App. 2009) (finding that Publix established reasonable inspection where uncontradicted testimony of employee demonstrated that she inspected area minutes before the fall); *Medders v. Kroger Co.*, 572 S.E.2d 386, 388 (Ga. Ct. App. 2002)(concluding that Kroger established reasonable inspection based on testimony that manager walked down aisle five to ten minutes earlier and did not see the liquid hazard); *McCullough v. Michaels Stores, Inc.*, 1:12-cv-4079-RWS, 2014 WL 4925664, at *3 (N.D. Ga. Sept. 30, 2014) (explaining that employee's affidavit, which stated that he inspected hallway ten minutes before Plaintiff's accident, established that inspection adequate as a matter of law).

Plaintiff further argues that Houston's has not established a reasonable inspection procedure because it has not produced evidence that speaks to specific details of the overall inspection policy, for example, what the inspection policy was supposed to entail, how often alleged inspections were supposed to occur, and who in particular was responsible for conducting alleged inspections. (Pl. Resp. at 10.)

The Court, however, finds that Mr. Rivero's testimony provides details of the general inspection policy, as he deposed that servers, hostesses, and other employees were trained and expected to consistently monitor the floors as they moved throughout the restaurant, looking for liquid or debris on the ground. *See Wallace*, 612 S.E.2d at 531 (granting summary judgment where evidence showed that inspection procedure required employees to inspect and clean their area

"continuously," checking for any kind of obstructions). Moreover, as Defendant argues, "[r]egardless of the adequacy of any inspection program, when an owner shows that an inspection occurred within a brief period of time prior to an invitee's fall, the inspection procedure was adequate as a matter of law and defeats an invitee's negligence action." *Mucyo,* 688 S.E.2d at 375 (citing *Medders*, 572 S.E.2d at 388); *McCullough v. Michaels Stores, Inc.*, 2014 WL 4925664, at *3 (N.D. Ga. Sept. 30, 2014) (finding that "the fact that an inspection revealed no hazard in the hallway ten minutes before Plaintiff's accident renders that inspection adequate as a matter of law"); *Matthews v. The Varsity*, 546 S.E.2d 878 (Ga. Ct. App. 2001) (affirming grant of summary judgment where The Varsity presented evidence that area where plaintiff fell was inspected and free of debris five minutes before fall, and thus plaintiff's "enumeration attacking The Varsity's inspection procedures lacks merit"); *Brown v. Publix Super Markets, Inc.*, 626 Fed.Appx. 793, 797 (11th Cir. 2015) (finding that Publix's inspection of area fifteen minutes before incident was adequate as a matter of law); *Carlton v. Wal-Mart Stores, Inc.*, 234 F.Supp.2d 1358, 1365 (S.D. Ga. Nov. 12, 2002) (holding that evidence that employee looked at floor five to ten minutes before fall "renders debate about the efficacy of Wal-Mart's inspection program moot") (citing *Medders*, 572 S.E.2d at 388).

Under this clear authority, the affidavits from the two Houston's employees, stating that they inspected the area less as little as ten to fifteen minutes before Ms. Fuller fell, is sufficient to show an adequate inspection regardless of Houston's general policy. *See also, Bolton*, 257 S.E.2d at 645 (affirming grant of summary

11

judgment where affidavit from store manager, stating that he was in area of fall ten to fifteen minutes before the fall and that no foreign substance was on the floor, was unrefuted).

Plaintiff's reliance on *Funez v. Wal-Mart Stores East, LP*, 2013 WL 11981902 (N.D. Ga. Apr. 30, 2013) is unpersuasive under the circumstances. In that case, the court denied summary judgment because the affidavit submitted in support of summary judgment was conclusory and not based on personal knowledge. *Id.* at *4. In addition, the alleged inspection in *Funez* occurred as much as two hours before the fall. *Id.* at *1. Here, the two affidavits are undisputedly based on personal knowledge of individuals who themselves inspected the stairs shortly before Ms. Fuller's fall; Plaintiff has presented no evidence to contradict this testimony.

As noted, Plaintiff has not argued and thus cannot show constructive knowledge based on a theory that there were any Houston's employees in the immediate area of the alleged liquid that could have easily seen it, or that the liquid remained long enough that it should have been detected by ordinary diligence. As reasoned herein, Plaintiff cannot show that constructive knowledge should be inferred based on a lack of adequate inspection procedure. Accordingly, Ms. Fuller fails to demonstrate Houston's superior knowledge of any liquid on the stairs, and summary judgment is warranted for this reason.

The Court briefly addresses Plaintiff's argument that summary judgment should not be granted because there is a question of material fact as to what caused

the Plaintiff's fall. (Pl. Resp. at 11-13.) Specifically, Plaintiff argues that she has presented evidence that there was liquid on the floor that caused her fall, which Defendant disputes based on other evidence. (*Id.*) Plaintiff contends this discrepancy creates a jury question. However, whether or not a liquid hazard existed on the stairs, Ms. Fuller cannot support a claim for premises liability without demonstrating that Houston's had either actual or constructive knowledge of the liquid, a key element of a premises liability claim. *Health v. Wal-Mart Stores East, LP*, 697 F.Supp.2d 1373, 1384 (N.D. Ga. Mar. 11, 2010) (explaining that because defendants showed that a reasonable inspection was carried out and because "Plaintiffs cannot show that (1) an employee was in the vicinity . . . or (2) the hazard was present long enough that it would have been discovered . . . Plaintiffs cannot demonstrate that Defendant had constructive knowledge of the spill and cannot succeed on their negligence claim") *Robinson*, 268 Ga. at 748-48. Consequently, Houston's Motion is due to be granted.

### IV.   Conclusion

Because Ms. Fuller has not established actual or constructive knowledge on the part of Houston's, Defendant's Motion for Summary Judgment [Doc. 22] is **GRANTED**. The Court **ENTERS** judgment in favor of Defendant and against Plaintiff. The Clerk is **DIRECTED** to close this case.

   **IT IS SO ORDERED** this 25th day of January, 2021.

**Honorable Amy Totenberg**
**United States District Judge**